1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

JUVENAL PULIDO-TORRES,

9

Petitioner,

Case No. C12-1211-RSL-BAT

10

v.

11

NATHALIE R. ASHER, et al.,

**REPORT AND
RECOMMENDATION**

12

Respondents.

13
14

I.      INTRODUCTION AND SUMMARY CONCLUSION

15

On July 13, 2012, petitioner, proceeding through counsel, filed a Petition for Writ of

16

Habeas Corpus and Emergency Request for Stay of Exclusion/Removal/Deportation, seeking

17

release from custody and a stay of removal "to allow him to prepare and file his motion to reopen

18

the deportation/exclusion/removal proceedings against him, and also to stay his deportation and

19

removal until a final decision is made on his motion to reopen the aforesaid proceedings."  Dkt. 1

20

at 9.  Respondents have filed a Return and Motion to Dismiss and Opposition to Motion for a

21

Stay of Removal, arguing that petitioner's detention is lawful, and that the Court lacks

22

jurisdiction to grant the relief requested.  Dkt. 12.

23

For the reasons set forth below, the Court recommends that petitioner's habeas petition be

1  **DENIED**, respondents' motion to dismiss be **GRANTED**, and this matter be **DISMISSED** with

2  prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY

4        Petitioner is a native and citizen of Mexico, who first entered the United States without

5  inspection on or about December 5, 1991.  Administrative Record ("AR") L57.  He subsequently

6  adjusted his status to lawful permanent resident.  *Id.*  On December 12, 1991, petitioner was

7  convicted in the Superior Court of California for the offense of possession for sale of heroin, and

8  was sentenced to two years in state prison.  AR L55, L57.  In October 1992, the former

9  Immigration and Naturalization Service[1] issued an Order to Show Cause, charging petitioner as

10  subject to deportation from the United States.  AR L61.  Petitioner made no application for relief

11  from deportation and an Immigration Judge ordered him deported from the United States to

12  Mexico on October 27, 1992.  AR L61-64.  Petitioner waived appeal.  *Id.*

13        On November 14, 1996, petitioner attempted to re-enter the United States and was placed

14  in exclusion proceedings before an Immigration Judge.  AR L68, L70, L72.  On January 24,

15  1997, an Immigration Judge ordered petitioner excluded from the United States.  AR L69.

16  Petitioner waived appeal of the exclusion order and was deported from the United States to

17  Mexico on January 29, 1997.  AR L69, L76.

18        On February 25, 2010, petitioner was arrested by DHS Immigration and Customs

19  Enforcement ("ICE") Fugitive Operations in Seattle, Washington.  AR L82, L84-85.  DHS

20  issued a Notice of Intent/Decision to Reinstate Prior Order, and removed petitioner from the

21  United States to Mexico on March 13, 2010.  AR L89, L99, L108-09.

22

---

23  [1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security ("DHS").  Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205.

1    On July 29, 2010, petitioner attempted to reenter the United States without inspection and

2  was apprehended near the border by DHS.  AR L119-20.  DHS issued a Notice of

3  Intent/Decision to Reinstate Prior Order, and removed petitioner from the United States to

4  Mexico on July 30, 2010.  AR L121-24.

5    On July 3, 2012, DHS ICE Fugitive Operations arrested petitioner in Seattle,

6  Washington, and reinstated his prior order of removal.  AR L128-33, L142.  On July 13, 2012,

7  petitioner filed the instant habeas petition, challenging his detention and seeking a stay of

8  removal.  Dkt. 1.  The Court subsequently entered a temporary stay of removal.  Dkt. 3.  On

9  August 13, 2012, respondents filed a motion to dismiss, arguing that petitioner is lawfully

10  detained and that the Court lacks jurisdiction to consider petitioner's claims under the REAL ID

11  Act of 2005.  Dkt. 12.  Petitioner did not file a response.

12                                III.    DISCUSSION

13    A.    Petitioner's Detention

14    "[W]hen an alien subject to removal leaves the country, the removal order is deemed

15  executed.  If the alien reenters the country illegally, the order may not be executed against him

16  unless it has been 'reinstated' by an authorized official."  *Alcala v. Holder*, 563 F.3d 1009, 1013

17  (9th Cir. 2009) (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007)).

18  Section 241(a)(5), which controls the process for reinstating prior orders of removal, provides:

19        If the Attorney General finds that an alien has reentered the United States illegally
        after having been removed . . . under an order of removal, the prior order of
20        removal is reinstated from its original date and is not subject to being reopened or
        reviewed, the alien is not eligible and may not apply for any relief under this
21        chapter, and the alien shall be removed under the prior order at any time after the
        reentry.
22

23  INA § 241(a)(5), 8 U.S.C. § 1231(a)(5).  Execution of the reinstated order and detention of the

    alien is governed by Section 241 of the Immigration and Nationality Act, which grants the

REPORT AND RECOMMENDATION - 3

1   District Director and the ICE Field Office Director discretionary authority to determine the

2   custody status of aliens who are detained pending removal.  *See* 8 C.F.R. § 241.8(f).

3        Here, petitioner makes no challenge to ICE's authority to detain him or the terms of his

4   detention.  Accordingly, the Court recommends petitioner's request for release from custody be

5   denied.

6        B.        Petitioner's Challenge to his Order of Removal

7        Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the

8   1992 Order of the Immigration Judge deporting him from the United States to Mexico.  Dkt. 1.

9   Petitioner avers that he was prima facie eligible to seek relief through a waiver under former

10  Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and that the

11  Immigration Judge erred by failing to inform petitioner of the possible availability of relief.  Dkt.

12  1 at 6.  He requests that this Court order his release from custody and stay his removal "to allow

13  him to prepare and file his motion to reopen the deportation/exclusion/removal proceedings

14  against him, and also to stay his deportation and removal until a final decision is made on his

15  motion to reopen the aforesaid proceedings."  Dkt. 1 at 9.  Because petitioner is only challenging

16  his final order of removal rather than the fact of his current detention, the Court agrees with

17  respondents that it lacks jurisdiction to grant such relief under the REAL ID Act of 2005.

18       Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005),

19  Congress eliminated habeas review of "all questions of law and fact . . . arising from any action

20  taken or proceeding brought to remove an alien from the United States."  8 U.S.C. § 1252(b)(9).

21  The REAL ID Act provides that "a petition for review filed with an appropriate court of appeals

22  in accordance with this section shall be the sole and exclusive means for judicial review of an

23  order of removal entered or issued under any provision" of the Act.  8 U.S.C. § 1252(a)(5); *see*

*also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including

interpretation and application of constitutional and statutory provisions, arising from any action

taken or proceeding brought to remove an alien from the United States . . . shall be available only

in judicial review of a final order under this section"); 8 U.S.C. § 1252(g) ("Except as provided

in this section and notwithstanding any other provision of law, no court shall have jurisdiction to

hear any cause or claim by or on behalf of any alien arising from the decision or action by the

Attorney General to commence proceedings, adjudicate cases, or execute removal orders against

any alien under this chapter").  Accordingly, district courts lack jurisdiction over habeas petitions

that seek judicial review of "any 'questions of law and fact' arising from an order of removal."

*See Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082 (9th Cir. 2010).  "The

Reinstatement Order to which [petitioner] is subject qualifies as an order of removal that can

only be challenged in a petition for review filed directly with [the Ninth Circuit Court of

Appeals]."  *Id.*; *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140-41

(9th Cir. 2008).  Because this Court lacks subject matter jurisdiction to consider the merits of

petitioner's habeas petition, it also lacks jurisdiction to stay petitioner's removal.

     "A request to stay an order of removal based on a pending collateral claim does not

escape the jurisdiction stripping provisions of the REAL ID Act."  *Mancho v. Chertoff*, 480 F.

Supp. 2d 160, 162 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL

465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas

petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-

485 adjustment of status petition); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist.

LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner

preliminary and permanent injunctions barring his deportation prior to the resolution of his

claims pending before an immigration judge)).  Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction to consider petitioner's habeas challenge or to grant the relief requested.

IV.    CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be **DENIED**, respondents' motion to dismiss be **GRANTED**, and that this matter be **DISMISSED** with prejudice, and that the previous temporary stay of removal issued by the Court be **VACATED**.  A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed and served upon all parties no later than **October 2, 2012.**  If no objections are filed, the matter will be ready for the Court's consideration on **October 5, 2012**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 18th day of September, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6